UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF LOUISIANA
ALEXANDRIA DIVISION

| | |
|---|---|
| YOGESH MALIK, Petitioner | CIVIL DOCKET NO. 1:20-CV-00928-P |
| VERSUS | JUDGE DAVID C. JOSEPH |
| WARDEN, *ET AL.*, Respondents | MAGISTRATE JUDGE PEREZ-MONTES |

REPORT AND RECOMMENDATION

Before the Court is a Petition for Writ of Habeas Corpus under 28 U.S.C. § 2241 (ECF No. 1) filed by *pro se* Petitioner Yogesh Malik ("Malik") (A#203695424). Malik is a detainee in the custody of the Department of Homeland Security ("DHS") and Bureau of Immigration and Customs Enforcement ("ICE") housed at LaSalle Correctional Center ("LCC"). Malik alleges that his continued detention is unlawful. ECF No. 1 at 6.

Because Malik fails to allege any reason his removal is unlikely to occur in the reasonably foreseeable future, or that his detention is otherwise unlawful, the Petition (ECF No. 1) should be DENIED and DISMISSED WITHOUT PREJUDICE.

I. Background

Malik is a native and citizen of India. ECF No. 1 at 7. Malik seeks a release from custody because he has allegedly been in post-removal order detention for more than six months. ECF No. 1 at 4-5. Because Malik did not allege any reason why his removal to India is unlikely to occur in the reasonably foreseeable future as required

under *Zadvydas v. Davis*, 533 U.S. 678 (2001), the Court ordered Malik to amend his Petition to provide factual and evidentiary support for his claim. ECF No. 5.

Malik filed a Response to the Court's Order, but did not allege any reason why his removal to India is not likely to occur in the reasonably foreseeable future. ECF No. 6. Malik only clarified the date on which he was ordered removed. ECF No. 6.

## II. Law and Analysis

Malik alleges that his continued detention violates *Zadvydas* and his substantive due process rights because there is no likelihood of his removal in the reasonably foreseeable future. Malik also alleges that his procedural due process rights have been violated because ICE "does not make decisions concerning alien's custody in a neutral and impartial manner." ECF No. 1 at 6.

Under *Zadvydas*, it is presumptively constitutional for an immigration detainee to be detained six months past the 90-day removal period following a final order of removal. After the expiration of the six-month period, a detainee may seek his release from custody through a petition for writ of habeas corpus by demonstrating a "good reason to believe that there is no significant likelihood of removal in the reasonably foreseeable future." *Agyei–Kodie v. Holder*, 418 F. App'x 317, 318 (5th Cir. 2011). Not every detainee in custody will be entitled to automatic release after the expiration of the six-month period under the scheme announced in *Zadvydas*.

In *Andrade v. Gonzales*, 459 F.3d 538 (5th Cir. 2006), the United States Court of Appeals for the Fifth Circuit reiterated that the Supreme Court's holding in

*Zadvydas* creates no specific limits on detention. In fact, a detainee may be held in confinement until it has been determined that there is no significant likelihood of removal in the reasonably foreseeable future. *Id.* at 543 (citing *Zadvydas*, 533 U.S. at 701). The detainee bears the initial burden of proof to show that no such likelihood of removal exists. *Id.*

Malik provides no allegations or evidence indicating that his detention is indefinite or potentially permanent, which would implicate *Zadvydas* and substantive due process concerns. Although Malik has been in post-removal order detention for more than six months, he does not allege any reason why his removal to India is unlikely to occur in the reasonably foreseeable future. ECF Nos. 1, 6.

Malik does not allege how his procedural due process rights have been violated. He argues that ICE does not make neutral and impartial decisions. ECF No. 1 at 6. However, this allegation is conclusory and insufficient to state a constitutional claim. *See, e.g., Chhim v. Univ. of Texas at Austin*, 836 F.3d 467, 469 (5th Cir. 2016) ("We take the well-pleaded factual allegations in the complaint as true, but we do not credit conclusory allegations or allegations that merely restate the legal elements of a claim."); *Andrade v. Gonzales*, 459 F.3d 538, 543 (5th Cir. 2006) (Andrade has offered nothing beyond his conclusory statements suggesting that he will not be immediately removed); *Mora v. Immigration & Naturalization Serv.*, 13-CV-13, 2013 WL 8476412, at *2 (W.D. Tex. Mar. 25, 2013) (even under the rule of liberal construction, "mere conclusory allegations on a critical issue are insufficient.").

Moreover, to the extent Malik attempts to challenge his removal order as impartial, his claim is barred by the REAL ID Act. *See Rosales v. Bureau of Immigration & Customs Enf't*, 426 F.3d 733, 736 (5th Cir. 2005) (REAL ID Act divested federal district courts of jurisdiction over § 2241 petitions attacking removal orders); *Perry v. Barr*, 4:19-CV-1302, 2019 WL 6255330, at *3 (S.D. Tex. Nov. 22, 2019).

### III.   Conclusion

Because Malik fails to provide allegations indicating that his detention is unlawful, IT IS RECOMMENDED that the Petition (ECF No. 1) be DENIED and DISMISSED WITHOUT PREJUDICE to refiling if Malik's removal becomes unlikely in the reasonably foreseeable future.

Under the provisions of 28 U.S.C. § 636(b)(1)(c) and Fed. R. Civ. P. 72(b), any party may serve and file with the Clerk of Court written objections to this Report and Recommendation within fourteen (14) days after being served with a copy thereof, unless an extension of time is granted under Fed. R. Civ. P. 6(b). A party may respond to another party's objections within fourteen (14) days after being served with a copy thereof. No other briefs (such as supplemental objections or reply briefs) may be filed, unless a party shows good cause and obtains leave of court. The District Judge will consider timely objections before issuing a final ruling.

A party's failure to file written objections to the proposed factual findings, conclusions, and recommendations contained in this Report and Recommendation within fourteen (14) days after being served with a copy thereof, or within any

extension of time granted by the Court under Fed.R.Civ.P. 6(b), shall bar that party from attacking either the factual findings or the legal conclusions accepted by the District Judge, except upon grounds of plain error.

SIGNED on Monday, November 23, 2020.

_____
JOSEPH H.L. PEREZ-MONTES
UNITED STATES MAGISTRATE JUDGE